HAMITER, Justice
(dissenting).
Plaintiffs, Victor Bussie and Raymond B. Oliver, who are the Chief and Assistant Chief, respectively, of the Shreveport Bureau of Fire Prevention, seek in these causes to enjoin the Shreveport Municipal Fire and Police Civil Service Board from conducting a proposed public investigation or trial of them, no complaints or charges having been filed against the plaintiffs by any elector or by their appointing authority or by the respondent Board.
Written stipulations of counsel, on which the cases were tried, disclose (among other things) the following: “The investigations will be held in the Council Chambers of the Shreveport City Hall and will be open to the public ,and the press.
*1080 * * * * * *
“There is a great deal of public interest in the proposed investigations and the local newspapers and radio stations plan to give extensive publicity to the investigations if held.
******
“If as a result of the proposed investigation, in the opinion of the Board, corrective or disciplinary action is indicated, then in that event, the Board will be advised by its attorney, Mr. John A. Dykes, that it has the authority to order disciplinary or corrective action to be taken, and if such corrective or disciplinary action is taken, as to any plaintiff or plaintiffs against whom it is taken, the investigation will have been a trial.”
As is correctly said in 81 C.J.S., verbo States, § 66d, “A civil service commission or board can exercise only such authority and has only such duties as are legally conferred by express provisions of law, or such as are by fair implication and intendment incident to, and included in, the authority expressly conferred for the purpose of carrying out and accomplishing the objects for which the commission was created. Any reasonable doubt as to the existence of any particular power in the commission should be resolved against the exercise of such authority. * * *” (Italics mine.)
The question which we are presently called upon to determine, therefore, is whether or not the provisions of Article 14, Section 15.1 of the Louisiana Constitution (these provisions govern the respondent Board and were copied almost verbatim from LSA-R.S. 33:2471-2508), confer the power, either expressly or impliedly, for conducting the proposed public investigation sought to be enjoined.
Answering this question in the affirmative, the Court of Appeal relied primarily on paragraph 31 of the mentioned constitutional provisions and held that therein specific authority for the proposal is expressly given. But clearly that paragraph, as the title and the other language thereof plainly reveal, contemplates a public hearing held only in connection with an appeal to the Board by a “regular employee in the classified service who feels that he has been discharged or subject to any corrective or disciplinary action without just cause.” These circumstances are not applicable to the instant plaintiffs.
In reply to plaintiffs contention that the Court of Appeal erred in so holding, the majority opinion of this court states: “For our part, we find it unnecessary to determine whether counsel’s contention is correct for, if it be. conceded that Paragraph 31 refers exclusively to open hearings of appeals by employees to the Board, it is plain that the Civil Service Law contemplates and elsewhere specifies that all hearings and investigations of the Board be open to the’ public.” And in conclusion, and as the principal reason for such majority view, it recites: “In addition, it is *1082 exceedingly doubtful that the Civil Service Board has the authority to conduct private investigations or hearings, as Paragraph 6, subpar. m, of Section 15.1 declares, among other things, that ‘Meetings of the boards shall be open to the public.’ This envisages that the Board is to act and function only as a body and not through its individual members and that, in order for it to exercise any of the duties listed in Paragraph 7 of the law, it must first be convened at a ‘meeting’. Obviously, without a ‘meeting’ the Board cannot take official action.”
I cannot subscribe to the conclusion that the word “meetings” as used in paragraph 6, subpar. m, relates to all of the Board’s activities, including any and all of the investigations that it is authorized to conduct. If such were the intention of the Civil Service Law, particularly in view of the fact that reference is variously made throughout it to “meetings” and “hearings” and “investigations” as different phases of the Board’s activities, I feel certain that the language relied on would have read: “All meetings, investigations, and hearings of the Boards shall be open to the public.”
Indicating to me that the Board’s authorized investigations were intended to be private unless specifically declared otherwise are certain provisions contained in the law. For example, subparagraph c of paragraph 30 recites: “Although it is incumbent upon the appointing authority to initiate corrective or disciplinary action, the board may, and shall upon the written request of any qualified elector of the state which sets out the reasons therefor, make an investigation of the conduct and performance of any employee in the classified service, and thereupon may render such judgment and order action to be taken by the appointing authority. Such actions shall be forthwith taken by the appointing authority.” Then in the following paragraph 31, a public investigation is expressly provided for in the case of an employee’s appeal to the Board. By reason of the specific mention in the latter provision of a public investigation I am convinced that only a private investigation (when initiated by the Board) is contemplated by the quoted paragraph 30, subpar. c, which omits the word “public”.
Again, paragraph 34, relating to the prohibition of political activities, tends to support the view that I entertain. Subparagraph b of that paragraph states in part: “ * * * The board may, upon its own initiative, investigate any officer or employee in the classified service whom it reasonably believes guilty of violating any one or more of the provisions of this Section. The board shall, within thirty days after receiving the written charges, hold a public hearing and investigation and determine whether such charges are true and correct. * ^ * ” Here two different investigations are provided for, one being on the Board’s own initiative and the other following the Board’s reception of written charges. If the first were intended to be public seemingly the provision would have *1084 specifically so read, just as the provision relating to the second investigation does. Or if it be contended that the first is necessarily public because of the above-mentioned paragraph 6, subpar. m, then there was no need for expressly terming the second investigation as public in character.
Furthermore, to require a conducting by the Board of only public investigations, as in open meetings, is unsound in principle and, hence, it could not possibly have been intended. A requirement of that kind would not only greatly hamper such body in carrying on the meritorious service for which it was designed and created, but also many innocent employees would be unjustly and irreparably harmed by and through some of the publicly held investigations predicated on mere suspicions.
Therefore, I am of the opinion that although the respondent Board may initiate and make private investigations of the conduct and performance of these plaintiffs, pursuant to paragraph 30, subpar. c, it is without authority or right to hold the proposed public hearings (and it should be enjoined), no formal complaint of misconduct or inefficiency against such persons having been made.
I respectfully dissent.